UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SYLVESTER BUTLER, KELVIN
FRAZIER, CURT MASSIE, JEREMIAH
THOMAS, EUGENE ULRATH and
REGINALD WILLIAMS,

    Plaintiffs,

v.

JAMES V. CROSBY, JR., BRADLEY
CARTER, GEORGE SAPP, STEPHEN
SIRMONES, JOE LAZENBY JR., ALLEN
CLARK, MARK REDD, KEITH
MUSSELMAN, TONY ANDERSON,
JAMES WILSON, WILLIAM MUSE,
COLIN HALLE, STEVEN TRICOCCI,
TIM CHASTAIN, RODNEY BARNETT,
RONNIE BARTON, KENNETH LAMPP,
WENDELL WHITEHURST, STACEY
GREEN, DAVID REYNOLDS, JOHN
RIGGS, GLYNN REEDER, JOHN RIZER,
OSCAR SHIPLEY, WILFRED DEAN
ELLIS, JEFFREY LINDSEY, and BILLY
JARVIS, each in his individual capacity,

    Defendants.
_____/

Civil Action No. 3:04-cv-917-J-32MMH
Hon. Timothy J. Corrigan

## VERIFIED MOTION FOR AWARD OF COSTS RELATING TO DEFENDANTS' FAILURE TO WAIVE FORMAL SERVICE OF PROCESS AND ATTORNEYS' FEES RELATING TO THE PREPARATION OF THIS MOTION, AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, Sylvester Butler, Kelvin Frazier, Curt Massie, Jeremiah Thomas, Eugene Ulrath and Reginald Williams (collectively "Plaintiffs"), by and through their undersigned counsel, and pursuant to Rule 4(d), Federal Rules of Civil Procedure, respectfully move this Court for an award of Plaintiffs' costs of service arising out of Defendants' failure to waive

formal service of process, together with the attorneys' fees incurred by Plaintiffs in preparing this Motion, and in support hereof state as follows:

1. Pursuant to Rule 4(d)(1), on November 19, 2004,[1] Plaintiffs notified each Defendant[2] of the commencement of this action and requested that each Defendant waive service of a summons. As mandated by Rule 4(d)(1), Plaintiffs complied fully with subsections (A) through (F) of that rule. Copies of Plaintiffs' Notices of Lawsuit and Requests for Waiver Forms, Waiver Forms (unexecuted), and U.S. Postal Service Return Receipts for all waiver packets sent to all Non-Waiving Defendants are being filed physically under separate notice as Composite Exhibit "A" to this Motion.

2. At all times relevant to this Motion, Defendants were employed by the Florida Department of Corrections ("FDOC").

3. Because the Defendants who work with the FDOC have made their home addresses difficult to access for security reasons, Plaintiffs courteously sent the notices of commencement of this action and requests for waiver of service of a summons to each Defendant employed by the FDOC at his place of employment.

4. As of the date of this Motion, only Defendants Billy Jarvis, Joe Lazenby, Jr., David Reynolds and John Rizer (the "Waiving Defendants") have signed and returned their requests for waiver of service of a summons to Plaintiffs. The remaining Defendants (the "Non-Waiving Defendants") have not signed and returned their requests for waiver of service.

---

[1] Plaintiffs also sent Defendant Tricocci a second waiver of service of summons on November 29, 2004 when he called Plaintiffs' counsel, Cassandra Capobianco, and requested a second waiver.

[2] Any references to "Defendant" or "Defendants" in this Motion exclude Defendant James Wilson, unless otherwise indicated. Similarly, Defendant Wilson is not included in the terms "Waiving Defendants" or "Non-Waiving Defendants" as used herein. Although Defendant Wilson has been served and is a named defendant in this case, he is excluded from the above terms for the reasons set forth in footnote 3 below.

5. As of the date of this Motion, none of the relevant notices of commencement of this action and requests for waiver of service of a summons has been returned by the United States Postal Service as undeliverable.[3]

6. Counsel for the Defendants informed Plaintiffs' counsel that the Non-Waiving Defendants would not agree to waive service of the summons, and their personal service would be required. See attached Exhibit "B". In fact, counsel for Defendants has acknowledged that the Non-Waiving Defendants are responsible for Plaintiffs' costs in effecting service of the summons upon the Non-Waiving Defendants and has indicated that the FDOC would pay the total costs of service.

7. Defendants' counsel indicated in Defendants' Amended Motion to Stay/Abate that Defendants would move to quash all substitute service made, except the service of summons on Defendant James Crosby. Immediately after receiving Defendants' first Motion to Stay/Abate, Plaintiffs' counsel initiated efforts to re-serve several Defendants in good faith and in spite of Plaintiffs' position that the original service of summons was sufficient. See D.E. #57 (providing a description of the facts of original service and the reasons for re-serving those Defendants originally served by substitute service).

8. Because the Non-Waiving Defendants have refused to sign and return the requests for waiver of service and have taken other actions to increase the costs of service, Plaintiffs were forced to incur substantial costs to determine the home addresses of several Non-Waiving Defendants and to effect personal service on all Non-Waiving Defendants.

9. Plaintiffs also incurred attorneys' fees in preparing this Motion.

---

[3] Only the Notice and Waiver for Defendant Wilson were returned to Plaintiffs' counsel as undeliverable. Plaintiffs were subsequently able to locate and serve Defendant Wilson with the Summons and Complaint. However, because Plaintiffs were unable to serve the Notice and Waiver on Defendant Wilson, Plaintiffs are not seeking costs or fees relating to their efforts to serve this Defendant.

3

10. Plaintiffs have incurred the following reasonable costs and fees to effect service of process on the twenty-two (22) Non-Waiving Defendants and to prepare this Motion:

| | | |
|---|---|---|
| a. | Cost of Investigator to Locate the Home Address of each Defendant | $250.25 |
| b. | Service of Process Costs of the Process Server and Mailing | $1,652.53 |
| c. | Attorneys' Fees for Preparing this Motion | $1,828.00 |
| d. | Total Costs | <u>$3,730.78</u> |

11. Attached hereto as Composite Exhibit "C" are the invoices of the Investigator who obtained the home addresses of the Non-Waiving Defendants. Attached hereto as Composite Exhibit "D" are the bills for the Process Server for service of process on the Non-Waiving Defendants. Attached hereto as Exhibit "E" is a summary of the time entries by Plaintiffs' counsel relating to the preparation of this Motion.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 4(d)(2) states that a court shall impose costs of service of summons upon a defendant who fails to comply with a request for waiver. Rule 4(d)(5) states that these costs include a reasonable attorneys' fee for preparing a Motion to Tax Costs of Service. As is set forth more fully above, Plaintiffs have incurred $1,902.78 in costs to serve each of the Non-Waiving Defendants, and $1,828.00 in reasonable attorneys' fees for the preparation of this Motion.

In accordance with other federal court decisions determining what constitutes "reasonable" costs and fees for serving non-waiving defendants, Plaintiffs assert that their total costs and fees of only $3,730.78 are very reasonable, especially considering the fact that Plaintiffs have had to personally serve twenty-two (22) individual Defendants. See, e.g., BPNC, Inc. v. Estep, 2004 U.S. Dist. LEXIS 10738 (N.D.Ohio 2004) (awarding the plaintiff $1,052 for fees and costs in serving only one non-waiving defendant); see also Graves v. Church of the

4

Lord Jesus Christ of the Apostolic Faith, Inc., 2003 U.S. Dist. LEXIS 25495 (E.D.Pa. 2003) (awarding fees and costs of $1,520.00 for serving only one non-waiving defendant).

WHEREFORE, Plaintiffs Sylvester Butler, Kelvin Frazier, Curt Massie, Jeremiah Thomas, Eugene Ulrath and Reginald Williams respectfully request that this Court award to Plaintiffs costs of $1,902.78 and fees of $1,828.00 against the Non-Waiving Defendants, for a total award of $3,730.78.

Respectfully submitted,

HOLLAND & KNIGHT LLP


s/ George E. Schulz, Jr.
George E. Schulz, Jr., Esq.
Fla. Bar No. 169507
Michael Agliata, Esq.
Fla. Bar No. 0167665
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
(904) 353-2000
(904) 358-1872 facsimile


and


FLORIDA INSTITUTIONAL LEGAL SERVICES
Christopher M. Jones, Esq.
Lisa White Shirley, Esq.
Cassandra J. Capobianco, Esq.
Kristen Cooley Lentz, Esq.
1010-B NW 8th Avenue
Gainesville, Florida 32601
352-264-1569
352-271-4366 facsimile


and

FLORIDA JUSTICE INSTITUTE, INC.
Randall C. Berg, Esq.
Peter M. Siegel, Esq.
2870 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2310
305-358-2081
305-358-0910 facsimile

*Attorneys for Plaintiffs*

## VERIFICATION

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) ss. |
| COUNTY OF DUVAL | ) |

I, George E. Schulz, Jr., being duly sworn, verify as follows:

1. I have reviewed the *Verified Motion for Award of Costs Relating to Defendants' Failure to Waive Formal Service of Process and Attorneys' Fees Relating to the Preparation of This Motion, and Supporting Memorandum of Law*, have personal knowledge of the facts alleged therein, and verify that all of the allegations contained therein are true and correct to the best of my knowledge and belief;

2. Plaintiffs have incurred the costs set out in paragraph 10 of this Motion in order to effectuate service of process upon the Non-Waiving Defendants;

3. Plaintiffs have incurred the attorneys' fees set forth in paragraph 10 of this Motion relating to the preparation of this Motion; and

4. Composite Exhibits "C" and "D", and Exhibit "E", accurately reflect the costs and fees incurred by Plaintiffs as set forth in paragraph 10 of this Motion.

_____
George E. Schulz, Jr.

BEFORE ME, the undersigned authority, personally appeared George E. Schulz, Jr., who is personally known to me, and who, being duly sworn, acknowledged on this 2nd day of May, 2005 that he executed the foregoing instrument for the purposes expressed therein.

_____
NOTARY PUBLIC, STATE OF FLORIDA
NOTARY NAME:_____
Commission No. _____
My commission expires:_____

Sharon Y. Talbert
MY COMMISSION # DD263734 EXPIRES
November 16, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to: Denis Dean, Esq., Assistant Attorney General, at denis_dean@oag.state.fl.us.

                                        s/ George E. Schulz, Jr.
                                        George E. Schulz, Jr.

# 2586799_v1