UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SYLVESTER BUTLER, et al.,

    Plaintiffs,

i.                        Case No. 3:04-cv-917-J32~~TJC~~ MMH

JAMES V. CROSBY, JR., et al.,

    Defendants,

_____/

## CONFIDENTIALITY AGREEMENT GOVERNING DOCUMENTS THAT ARE CONFIDENTIAL

1.    This Agreement governs the handling, maintenance, storage, use, and discussion of records or documents that are confidential under Florida Statute §945.10, 45 CFR A-160 and 45 CFR 164 (HIPAA) and related court files, video recordings of the non-spontaneous use of chemical agents, including records from fixed digital cameras, fixed VHS camera, and hand-held VHS cameras, depositions and deposition exhibits, interrogatory answers, response to requests to admit and other written, recorded or graphic matter ("discovery material") produced by or obtained from any party, or any non-party who agrees to produce discovery material subject to the terms of this Agreement during the proceedings in the case.[1] This Agreement is intended to maintain the confidentiality of the following documents or information whether produced previously or in the future.

---

[1] This includes all discovery obtained from the beginning of this lawsuit and excludes all photographs taken by or on behalf of plaintiffs' counsel and all medical and psychological records of plaintiffs for which respective plaintiffs have authorized the release thereof.

    A.    All video recordings of the non-spontaneous use of chemical agents, including records from fixed digital camera, fixed VHS cameras, and hand-held VHS cameras;

    B.    All inmate medical files and documents, including medical information concerning HIV diagnosis and/or treatment, therefrom pertaining to named plaintiffs;

    C.    All inmate psychological files and documents therefrom pertaining to named plaintiffs.

    D.    Any document containing Protected Health Information contained in inmate classification files, incident reports, use of force reports, and reports of Inspector General investigations.

2. The following definitions shall apply to this Confidentiality Order:

(a) "Parties" shall mean and refer to each plaintiff and each defendant in the above captioned case.

(b) "Qualified person(s)" shall mean and refer to:

    (i)    Private or state government counsel who have appeared for a party in this case and regular and temporary employees of such counsel assisting in the conduct of this case, including employees of any firm retained to reproduce the discovery material for use in accordance with this Order;

    (ii)    Experts or consultants assisting counsel in this litigation;

    (iii)    Employees or any party who are required to assist counsel in the conduct of this action;

    (iv)    Deponents, and their counsel, during the course of depositions taken in this action, and court reporters and persons preparing transcripts of depositions;

     (v)    The Court and Court personnel, pursuant to Paragraph 9 of this Agreement;



     (vi)    Other persons only upon order of the Court, or upon ~~Order of the~~ *written stipulation by the* party that produced or disclosed the confidential discovery material that such ~~party~~ *person* agrees to be bound by the terms of this Agreement. Any person who signs such an agreement shall be subject to the terms of this Agreement and,

     (vii)    Each named Plaintiff and each named Defendant.

  (c)    Protected Health Information is individually identifiable health information as defined in 45 CFR 160.103.

3.    The producing party may, on the record of the deposition or by written notice to counsel for all parties no later than five (5) days after receipt of a deposition transcript, designate portions thereof as "Confidential" under the terms of this Agreement. During any such five (5) day period, all transcripts (or thirty (30) days from date of this Agreement, whichever is later) and the information contained therein will be deemed to be "Confidential" in their entirety under the terms of this Agreement. Thereafter, only those portions of a transcript of a deposition marked "Confidential" shall be so treated, except that all copies of deposition transcripts that contain confidential matter shall be prominently marked "Confidential" on the cover thereof, ~~and, if an when filed with the Clerk, shall be filed under seal.~~ *If a party seeks to file such information in the public record under seal, the party shall comply with the provisions set forth in paragraph seven (7) below.*

4.    Confidential discovery material shall be used only for the prosecution and/or defense of this litigation. Under no circumstances, other than those specifically provided in this Agreement or subsequent court orders, shall such material be disclosed to persons other than qualified persons as clarified in 2(b) above.

5.  Confidential discovery materials may be shown to consultants and experts retained for the purpose of assisting in the preparation of this or other litigation between the parties only after an attorney for the party employing such consultant or expert has obtained from him an executed Acknowledgment and Agreement to be subject to the terms of this Agreement.

6.  Each person given access to confidential discovery material or information derived therefrom shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Agreement and may not be disclosed other than pursuant to its terms.

7.  In the event that counsel for any party determines to file in or submit to the Court any confidential discovery material or information derived therefrom, or any papers containing or making reference to such material or information, such documents shall be placed in sealed envelopes or other appropriately sealed containers on which shall be endorsed:

    (a)   the caption, as specified in Paragraph 2(a) of this Agreement;
    (b)   the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the nature of the contents; and
    (c)   a statement substantially in the following form:

[DISCLOSING PARTY'S NAME]
CONFIDENTIAL
   This envelope (or container) is sealed pursuant to a Confidentiality Agreement, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Agreement of the disclosing party or parties to these actions.

~~The subject envelope or container shall not be opened without further order of the court except by qualified persons, who shall return such envelope or container to the Clerk of the Court appropriately sealed and endorsed as hereinabove provided, or pursuant to~~ Order of the disclosing party.

8. When confidential documents or information are presented, quoted or referenced in any deposition, hearing or other proceeding, the attorneys for the parties shall make arrangements, or when appropriate, request the court to make arrangements to ensure that only qualified persons are present during such presentation, quotation, or reference.

9. If any party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. To preserve its "Confidential" designation, the producing party, within ten (10) calendar days after receipt of any such notice, must apply to the court for a ruling that the discovery material objected to shall be treated as designated, and notice of such application shall be provided to all other parties. If no such application is made, the discovery material will cease to be treated as designated. If an application is made, until the Court enters an order, if any, determining the designation of the discovery material objected to, such discovery material shall be treated as designated and protected as provided in this Agreement.

10. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of the Agreement shall not:
    (a)    Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or

(b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

(c) Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or

(d) Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

11. This Agreement has no effect upon, and its scope shall not extend to, any party's use of its own discovery material.

12. Within ninety (90) days of conclusion of this litigation including appeals thereof, all confidential discovery materials supplied by the parties and non-parties and all copies thereof shall be returned to the producing party or non-party witness at the requesting party's costs.

Agreed as to form and substance:

_____
George E. Schulz, Jr., Esq.
Holland & Knight LLP
Counsel for Plaintiffs

Date December 21, 2005

_____
Denis Dean, Esq.
Office of the Attorney General
Counsel for Defendants

Date 12/23/05

_____
J. Ray Poole, Esq
Constangy, Brooks & Smith, LLC
Counsel for Defendant Wilson

Date 12/27/05

# 3466949_v2

Approved:

Marcia Morales Howard
February 9, 2006