**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SYLVESTER BUTLER, et al.,

        Plaintiffs,

vs.                                              Case No. 3:04-cv-917-J-32MMH

JAMES MCDONOUGH, et al.,

        Defendants.

### **ORDER**[1]

This case is before the Court on pending motions.

Defendant Crosby's amended motion to dismiss (Doc. 215) is **DENIED**. This case is still at the pleadings stage and plaintiffs' second amended complaint has pled sufficient facts as to these counts to deny the motion. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Several of the defendants move the Court to stay these proceedings (Docs. 201, 206, 219, 222) pending the outcome of an appeal taken by defendant James Wilson, in which his entitlement to qualified immunity is at issue. Where properly invoked, qualified immunity shields government officials not only from liability but from litigation itself, including discovery and trial. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1184 (11th Cir. 1994). In denying Wilson's motion to dismiss, the Court was satisfied that the allegations of the second amended complaint sufficiently stated a claim as to which Wilson would not be qualifiedly

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

immune.[2]  The Court stands by that ruling.

Plaintiffs' second amended complaint alleges, *inter alia*, that over several days in September of 2000, without warning or provocation, Wilson and other correctional officers repeatedly and maliciously sprayed chemical agents (including tear gas and pepper spray) on plaintiff Jeremiah Thomas, an inmate with asthma and severe mental illness, and that officers, including Wilson, falsified use of force reports to cover up their actions.  Thomas alleges he suffered second-degree burns, intense burning sensations, and painful blisters and open wounds over various parts of his body and experienced documented disturbing signs of psychosis following the incidents, requiring several months of intensive mental health treatment at a Crisis Stabilization Unit.  The complaint contains allegations of literally dozens of incidents of similar Eighth Amendment violations by corrections officers and their supervisors relating to unauthorized malicious uses of force involving chemical agents on Florida State Prison inmates.[3]

Given that this case is only at the pleadings stage, and in light of the existing legal authority at the time of the alleged actions, the Court believes that Wilson's appeal of the Order denying his motion to dismiss is likely unmeritorious.  This belief is strengthened by the actions of other defendants who, similarly accused, have not raised qualified immunity as a basis to dismiss the complaint.  However, the Court is not able to find that Wilson's

---

[2] The Court also rejected Wilson's contention that the claims against him should be dismissed due to improper service of process.

[3] This recitation is not intended to imply that the Court has reached any determination whatsoever as to the merit of these allegations, only to show the well-pleaded allegations of the complaint.

appeal is frivolous and therefore will stay this action as to Wilson pending appeal; his motion, Doc. 201, is therefore **granted**.[4]  See Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998) (when considering discovery requests in the face of a qualified immunity defense, "balancing is done with a thumb on the side of the scale weighing against discovery"); K.M. v. Alabama Dept. of Youth Servs., 209 F.R.D. 493, 495 (M.D. Ala. 2002) ("Once a non-frivolous appeal of a denial of immunity has been filed, a stay of discovery is obviously appropriate until the appellate court resolves the immunity issue.").

Nevertheless, the Court finds its discretion is best exercised by **denying** the motions brought by other defendants (Docs. 206, 219, 222) to stay litigation pending resolution of Wilson's appeal.  This case is nearly two years old and is only at the pleadings stage. Further delay is not countenanced by the appeal taken by only one of twenty-seven corrections officers named in this suit for their individual roles in the alleged violations, particularly one who is no longer a public official, especially where the defendants with supervisory roles have not invoked the qualified immunity shield at this stage.[5]

By separate Order, the Court will issue its Second Amended Case Management and Scheduling Order, the terms of which were discussed at the June 1, 2006 hearing (the Court

---

[4]The Court does not find that Wilson's appeal divests this Court of jurisdiction.  The cases cited by Wilson in support of that proposition are distinguishable. Moreover, notwithstanding this stay, Wilson can still be deposed as a witness in the case against the other defendants.

[5]Additionally, at the hearing held on June 1, 2006, defendants secured an agreement from plaintiffs to ask the Court for a six month delay in pretrial and trial deadlines to give defendants' new counsel time to get up to speed.  Now, many of these same defendants have rewarded plaintiffs' generosity by seeking an indefinite stay of the entire litigation pending Wilson's appeal.

has further extended some of the agreed upon deadlines to accommodate the delay in its issuance).

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of September, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.

Copies:

counsel of record