**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JEREMIAH THOMAS, et al.,

Plaintiffs,

v. Case No. 3:04-cv-917-J-32HTS

JAMES McDONOUGH, et al.,

Defendants.

---

**O R D E R**

In this suit, Plaintiffs claim that while at Florida State Prison (FSP) they are "being seriously harmed with chemical agents" in violation of the Eighth Amendment. Second Amended Complaint (Doc. #142) at 60-61. The case has now progressed for nearly three years, and the discovery period closed on July 31, 2007. *See* Third Amended Case Management and Scheduling Order (Doc. #236) at 1. Presently before the Court are the following matters, in regard to which argument was heard on August 6, 2007:

1. Plaintiffs' Motion to Compel Production from Defendants James McDonough and Randall Bryant of Items not Produced in Defendants' Responses to Plaintiffs' Fifth and Eighth Requests to

Produce (Doc. #258; Motion to Compel). The Motion to Compel is opposed. *See* Defendants James McDonough and Randall Bryant's Response in Opposition to Plaintiffs' Motion to Compel Production (Doc. #261; Opposition). Various discovery items that are the subject of the Motion to Compel remain at issue, *see* Joint Notice of Remaining Outstanding Discovery Issues (Doc. #278; Joint Notice), and will be addressed in turn.

**A. Paragraphs 1 and 2, Fifth Request for Production**

Both of these paragraphs ask for information pertaining to the systemwide use of chemical agents. In the Motion to Compel, Plaintiffs suggest this data is needed to "establish that the Secretary had the requisite level of notice of widespread abuse[.]" Motion to Compel at 4 (relying on unpublished, nonprecedential order quoting *Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006)). Further, they desire "to examine whether there are glaring disparities between the use [of] chemical agents at FSP and the use of chemical agents at all other DOC prisons." *Id.* In addition to observing "Plaintiffs have expressly limited their claims for relief to the use of chemical agents at FSP," Opposition at 8, Defendants explain there are significant differences between the population incarcerated at that facility and the prisoners housed elsewhere. *See id.* at 9.

Having considered both the parties' written submissions and the arguments made at the hearing, the Court has determined the systemwide information sought is not properly discoverable. Plaintiffs have failed to demonstrate that proof of systemwide abuse is important in establishing notice. The very chain of authority relied upon by Plaintiffs employs the concept of "widespread abuse" in much more limited fashion. *See Valdes*, 450 F.3d at 1239 (considering "whether Crosby was put on notice by a history of widespread abuse *at FSP*") (emphasis added). The other asserted uses of the data are likewise unconvincing. A sufficient relationship between the proposed discovery and the actual claims has simply not been established.

**B.   Paragraphs 1-3, Eighth Request for Production**

Cell extraction and chemical agent data, in the form of a single document per request category, are sought by these items. Defendants have already provided the information for periods beginning at some point in 1999. *See* Joint Notice at 2.

Discovery on the use of force at FSP, both in the form of cell extractions and application of chemical agents, strikes the Court as relevant to Plaintiffs' claims. To the extent the documents described in these paragraphs exist and are in Defendants' possession, custody, or control, *see* Rule 34(a), Federal Rules of Civil Procedure, their production will be compelled.

**C.   Paragraphs 6-7, Eighth Request for Production**

Paragraphs 6 and 7 ask for a document revealing the number of times Plaintiffs were subjected to chemical agents or extracted from their cells from 1996 through 2007, respectively. Some of the chemical usage information has been furnished. *See* Joint Notice at 3. As with paragraphs 1-3, this data appears relevant and production of the documents described in these paragraphs will be compelled to the extent they exist and are in Defendants' possession, custody, or control.

**D.   Paragraph 4, Eighth Request for Production**

This paragraph seeks a document showing the number of inmates at FSP during the months of January and June for the years 1996-2007. In order to understand the degree to which the use of force at FSP has increased or decreased relative to the size of its population, Plaintiffs would need information about the number of prisoners being housed at various times. Thus, if the document described exists and is in Defendants' possession, custody, or control, the Court will compel its production.

In accordance with the foregoing, the Motion to Compel (Doc. #258) is **GRANTED** to the extent Defendants shall, within eleven (11) days from the date of this Order, produce the documents described in paragraphs 1-4 and 6-7 of Plaintiffs' Eighth Request for

Production insofar as such exist within their possession, custody, or control.

2. Defendants James McDonough and Randall Bryant's Motion for Protective Order (Doc. #266; Motion). The Motion is opposed. *See* Plaintiffs' Response in Opposition to Defendants McDonough and Bryant's Motion for Protective Order (Doc. #268; Response).

Through the Motion, Defendants request protection from Plaintiffs' request that they produce "[c]olor photographs of representative wings and cells . . . at Union Correctional Institution [UCI] of the same or comparable views to" certain photographs of FSP areas. Motion at 2. Defendants imply the photographs would not be relevant to Plaintiffs' claims. *See id.* at 2-3. It is Plaintiffs' position the portions of the two facilities at issue are very similar and, inasmuch as use of force rates at UCI are much lower than at FSP, the photographs would help to demonstrate the illegitimacy of the actions taken at FSP. *See* Response at 12-14.

Defendants contend the inmates at the facilities, as well as the rules and policies in place, are materially different. Motion at 2. That the rules and policies are different merely begs the question. Further, for purposes of the Motion, Defendants have not satisfactorily foreclosed the claim that the placement of mentally ill inmates often depends on factors apart from the individuals'

mental status. *See* Response at 6-8. For these reasons, the Motion (Doc. #266) is **DENIED** and, if Defendants maintain in their possession, custody, or control the photographs sought, they shall produce them to Plaintiffs within eleven (11) days from the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of August, 2007.

/s/         Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record and
     pro se parties, if any