**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SYLVESTER BUTLER, et al.,

               Plaintiffs,

vs.                                                 Case No. 3:04-cv-917-J-32JRK

WALTER A. McNEIL, etc., et al.,

               Defendants.

**ORDER**[1]

This case is before the Court on three pretrial motions. The Court incorporates by reference the motion hearing held on November 1, 2007.

**A.    Defendants McNeil and Bryant's Motion for Summary Judgment (on Mootness/Standing Grounds) (Doc. 253); response (Doc. 325); reply (Doc. 349); sur-reply (Doc. 354)**

In this motion, defendants seek summary judgment as to the remaining claims brought by plaintiffs Thomas, Butler, Frazier, Williams, and Morgan[2] on the grounds that these plaintiffs are no longer housed at Florida State Prison ("FSP"). Given that inmates are transferred from one facility to another based on a variety of factors, that such transfers apparently occur with relative frequency, and that transfer back to FSP cannot be ruled out (indeed one plaintiff was transferred back to FSP after this motion was filed), the Court finds

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Though styled as a motion against the claims of plaintiff Eugene Ulrath as well, Mr. Ulrath has since been dismissed from this lawsuit. See Doc. 377.

these plaintiffs continue to have standing and their claims are not moot, notwithstanding any current housing assignment. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

> **B.    Defendants McNeil and Bryant's Motion for Summary Judgment (on Substantive Grounds) (Doc. 306); response (Doc. 325); reply (Doc. 349); sur-reply (Doc. 354)**

To demonstrate entitlement to injunctive relief, plaintiffs must show the existence of a constitutional violation and suggested relief to remedy the wrong. LaMarca v. Turner, 995 F.2d 1526, 1541-43 (11th Cir. 1993). Defendants move for summary judgment claiming that plaintiffs cannot meet either prong. The Court finds plaintiffs have sufficiently raised disputed issues of material fact as to the circumstances in which chemical agents are used on mentally ill inmates at FSP such that plaintiffs should be permitted to try to prove a constitutional violation at trial; and that plaintiffs have further sufficiently raised disputed issues of material fact as to whether the injunctive relief they seek will remedy the alleged wrong. The Court therefore finds the motion for summary judgment is due to be denied.

> **C.    Plaintiffs' Daubert Motion as to Richard Lipsey (Doc. 296); response (Doc. 341)**

Here, plaintiffs move to exclude the expert testimony of defendants' toxicology expert, Dr. Richard Lipsey. Having reviewed the relevant papers, the Court has concerns as to whether some of Dr. Lipsey's opinions are within his area of expertise. However, because this is now going to a bench trial, the Court's Daubert gatekeeping function is less essential than with a jury trial. Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000). Thus, rather than having Dr. Lipsey come before the Court for a separate Daubert hearing (which would likely necessitate his appearing twice because the Court does intend to permit defendants to offer

at least some of Dr. Lipsey's testimony at trial), the Court will allow the challenged testimony to be presented at trial, and will determine afterward whether to exclude any of it. See, e.g., Clark v. Richman, 339 F.Supp. 2d 631, 648-49 (M.D. Pa. 2004) (reserving admissibility and reliability decisions until after challenged expert testimony has been received at non-jury trial); United States v. Brown, 279 F.Supp. 2d 1238, 1243-45 (S.D. Ala. 2003) (same).

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motions for Summary Judgment (Docs. 253, 306) are **DENIED**; Plaintiffs' Motion to Exclude Dr. Lipsey's Testimony (Doc. 296) is **DENIED** to the extent that the Court will reserve its admissibility determination until trial.

2. The parties should be prepared to argue defendants' Motion in Limine (Doc. 388), issues related to plaintiffs' Amended Notice requesting the Court take judicial notice (Doc. 387), and any other matters presented in the parties' forthcoming pretrial stipulation at the Final Pretrial Conference which remains set for August 20, 2008 at 2:00 p.m. in Courtroom 10B.

3. The August 1, 2008 telephone status conference is **CANCELLED**.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of July, 2008.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record